ANDREA PLAZA, demandante y apelada *v.* THE WHITE STAR LINE, INC., demandada y apelante.

No. 4566.—*Sometido:* Marzo 12, 1929. *Resuelto:* Nov. 22, 1929.

*Salvador Suau,* abogado de la apelante; *A. Quintana Cajas,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Andrea Plaza, mujer de más de cincuenta años, costurera, en la noche de 6 de junio de 1926, montó en San Juan en una guagua propiedad de la demandada The White Star Line Incorporated y servida por un *chauffeur* y un conductor empleados de la misma demandada, y la que iba para Santurce. Al llegar la guagua a la parada 44, se detuvo, y bajaron varios pasajeros. Andrea Plaza fué la última en bajar; y cuando ella iba a poner un pie en tierra, teniendo el otro en un escalón de la guagua, el *chauffeur* de ésta, con notoria negligencia y

desprecio de la vida y seguridad ajenas, dió marcha al vehículo, hacia adelante, y Andrea Plaza cayó al suelo, produciéndose varias contusiones en el muslo izquierdo, y en el omoplato y la cadera del mismo lado. Como consecuencia de estos golpes, Andrea Plaza se encontró impedida de trabajar por algún tiempo, y gastó unos treinta dollars en atenciones de su curación, quedándole cuando se oyó el caso en la corte una molestia en el muslo izquierdo, y una úlcera que le ocasionaba dificultad. Andrea Plaza ganaba de cinco a seis dollars semanales.

Éstos son los hechos del caso: y los fundamentales de la demanda y la sentencia de que aquí se ha apelado.

En el juicio la prueba fué contradictoria; pero la corte, pesando prudentemente el testimonio, y usando de sana y sensata discreción, declaró lo que sigue:

"Parece que hay un conflicto entre la prueba de la demandante y la prueba de la demandada. Pero este conflicto, la Corte necesariamente tiene que resolverlo, apreciando la forma y manera en que los testigos de la demandante declararon, en las circunstancias de este caso, y al crédito que su testimonio les merezca. Realmente es difícil poder concretar con palabras el concepto que de toda la prueba, apreciada en conjunto, puede formarse la Corte. Como se ve del examen de la prueba que antes se hace, la demandada quiso probar la negligencia por parte de la demandante, pero siendo ésta materia de defensa, la prueba no sostiene su alegación."

Y dictó sentencia condenando a la demandada a pagar a la demandante trescientos cincuenta dollars, y las costas y honorarios de abogado.

En su apelación, la demandada somete a nuestra consideración dos señalamientos de error. Son:

"1. La Corte de Distrito cometió error manifiesto al declarar que hubo un conflicto entre la prueba de la demandante y la prueba de la demandada y al resolver dicho conflicto en contra de la demandada.

"2. La Corte de Distrito cometió error manifiesto al dictar una sentencia en contra de la demandada con vista de la prueba presentada por la demandante para sostener las alegaciones de su demanda."

Hemos examinado la prueba en el caso. No podemos convenir en que la corte cometiera error en perjuicio de la demandada al declarar que hubo conflicto en la prueba, ya que en realidad, y aunque no en grado fuerte o importante, lo habría, aunque la preponderancia de tal prueba era en favor de la demandante; y al resolver tal conflicto, estimamos que la corte procedió con todo acierto.

La apelante examina en su alegato la prueba en el caso, e intenta quitar fuerza a la que ofreció y practicó la demandante. Pero es para nosotros indudable la preponderancia de la evidencia de la aquí apelada.

Uno de los testimonios examinados por la apelante con mayor minuciosidad es el del niño de 12 años Carlos López, que es quizá el más fuerte amparo de las contenciones de la demandante. Le hemos leído; y encontramos en él todos los elementos de convicción necesarios para justificar el fallo de la corte.

La prueba presentada es suficiente para sostener la decisión. Quizá un solo testigo hubiera bastado para tal fin; y son varios los testimonios que imponen una declaración de hecho tal como la presentada por la corte.

Hemos declarado con insistencia que en los casos en que hay conflicto en la prueba, la resolución que al mismo dé la corte sentenciadora no ha de ser revocada por ésta de apelación a menos que aparezca el evidente y craso error de la misma, o la influencia de prejuicio, pasión o parcialidad. Nada de esto ocurre en el presente caso.

*Debe confirmarse la sentencia apelada.*